# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STACY CALVERT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALESSI & KOENIG, LLC, )<br>)<br>Defendant. )<br>_____ ) | Case No. 2:11-cv-00333-LRH-PAL<br>Case No. 2:11-cv-00411-LRH-PAL<br>Case No. 2:11-cv-00442-LRH-PAL<br>Case No. 2:11-cv-01004-LRH-PAL<br><br>**ORDER** |

The court conducted a hearing on August 7, 2012, on Defendant's Motion to Amend/Withdraw Admissions. Mark Bourassa appeared on behalf of the Plaintiff, and Ryan Kerbow appeared on behalf of the Defendants. The same motion was filed in all four of these consolidated actions. The court granted the motion to withdraw, and inquired of counsel concerning their respective positions about preparing these consolidated cases for trial. The court inquired of counsel whether these matters were primarily issues of law that should be decided on cross motions for summary judgment rather than jury trial. Counsel seemed receptive to this suggestion, but were not prepared to commit to this approach. The court directed counsel to meet and confer and propose a case management schedule to bring all four of these consolidated actions to trial. The court indicated that if the parties could not agree on a stipulated case management schedule, that they should submit their competing proposals to the court no later than August 10, 2012. The parties were unable to stipulate and filed individual plans.

Plaintiff proposes sixty days to complete discovery and a September 6, 2012 deadline to commence all written discovery in time to be completed by October 9, 2012. Plaintiff opposes any request to reopen discovery because written discovery, including request for admissions, request for production of documents and interrogatories have been propounded and responded to in all consolidated cases. Defendant takes the position that its motion to withdraw admissions which the

court granted on August 7, 2012, primarily concerned admissions regarding issues of law rather than fact and that the court's order granting the motion does not establish good cause to reopen discovery. d Defendant proposes that the parties shall have until September 17, 2012, to file dispositive motions.

Having reviewed and considered the parties competing proposals, the court will give the parties thirty (30) days to complete any follow-up deposition discovery, and deny Plaintiff's request for additional time to propound written discovery, and for sixty (60) days to complete discovery. Defendant did not respond to Plaintiff's request for admissions which were served in July 2011, until January 2012. Defendants did not file their motion to withdraw or amend the admissions until June 20, 2012, more than two months after the parties' filed the joint pretrial order in Case No. 2:11-cv-00333-LRH-PAL. Moreover, although the court granted the Defendant the relief requested in the exercise of its discretion, Defendant had no reasonable explanation for its failure to timely respond to the request for admissions for more than six months. Plaintiff did not take any depositions, believing the Defendant had essentially admitted all material matters.

**IT IS ORDERED** that:

1. The parties shall have until **September 13, 2012**, to notice and complete any follow-up deposition discovery.
2. The parties shall have until **October 13, 2012**, to file dispositive motions.
3. The parties shall have until **November 12, 2012,** to file the joint pretrial order in those cases in which a joint pretrial order has not already been filed. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

Dated this 14th day of August, 2012.

Peggy A. Leen
United States Magistrate Judge